**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DEREK S. SACHS, SB# 253990
  E-Mail: Derek.Sachs@lewisbrisbois.com
ASHLEY N. ARNETT, SB# 305162
  E-Mail: Ashley.Arnett@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant, American Property Management, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BARRIOS, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN PROPERTY MANAGEMENT, INC. and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(b) [DIVERSITY OF CITIZENSHIP]**<br><br>Action Filed:   February 9, 2018<br>Trial Date:       None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant American Property Management, Inc. ("American Property Management" or "Defendant"), by and through its counsel, hereby removes to this Court the State Court action described below on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b) as follows:

**COMPLAINT AND TIMELINESS OF REMOVAL**

1.  On February 9, 2018, Plaintiff Jessica Barrios ("Plaintiff"), by and through her attorney, filed a civil action in the Superior Court of the State of California for the County of Stanislaus, entitled JESSICA BARRIOS v. AMERICAN PROPERTY MANAGEMENT, INC., and DOES 1-10, inclusive, Case No. 2028910 ("Complaint"). A copy of the Summons and

Complaint are attached as <u>Exhibit A</u> to the Declaration of Derek S. Sachs ("Sachs Decl."). To the knowledge of Defendant, no other defendants have been either named or served in the instant action.

2. American Property Management was served with the Summons and Complaint on or about February 9, 2018. Declaration of Brooke Andersen ("Andersen Decl.") ¶ 3; Exhibit A. This Notice is timely because it is filed within thirty days after Defendant was served with a copy of the Complaint, as is required by 28 U.S.C. §1446(b).

3. The Summons and Complaint comprise all copies of process, pleadings, and orders served upon American Property Management in the state court action and are being filed with this notice as required by 28 U.S.C. §1446(a).

**DIVERSITY JURISDICTION EXISTS**

4. The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

5. Plaintiff alleges that she is an individual who resided in California at all times pertinent to the instant litigation. See Sachs Decl. at ¶ 3; Exhibit A at ¶ 8.

6. American Property Management was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Washington, having its principal place of business in Bellevue, Washington. Andersen Decl. ¶¶ 5 and 6.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

7. Plaintiff's Complaint asserts the following causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Provide Mandatory Rest Breaks; (3) Failure to Provide Timely and Accurate Itemized Wage Statements; (4) Failure to Pay All Compensation Due and Payable Upon Termination of Employment; (5) Unlawful and/or Unfair Business Practices; (6) Private Attorneys General Act Claim for Civil Penalties; (7) Unlawful Discrimination Based Upon Sex; (8) Wrongful Termination in Violation of Public Policy.

8. Based on Plaintiff's allegations, the amount in controversy appears to exceed the sum or value of $75,000, exclusive of interest and costs. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404; *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298.

9. While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

10. Plaintiff was paid an hourly wage of $ 19.00 at the time of her termination and worked an average of 40 hours a week. See Sachs Decl. at ¶ 5; Exhibit C.

11. Although Plaintiff does not quantify her potential damages, under Plaintiff's Unlawful Discrimination Based Upon Sex and Wrongful Termination in Violation of Public Policy causes of action, she can potentially recover lost income based on a violation of these laws. Plaintiff's Complaint contains the following allegations: "[a]s a proximate result of the conduct of Defendant, Ms. Barrios has suffered damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof . . . . The amount of Ms. Barrios' damages will be ascertained at trial." See Sachs Decl. at ¶ 6; Exhibit A at ¶¶ 88, 98.

12. The U.S. District Courts-Median Time Intervals From Filing to Disposition of Civil Cases Table C-5 indicates that as of December 31, 2016, it took a median of 22.9 months from the filing of a case to the completion of trial. Sachs Decl. ¶ 4, Exhibit B. Accordingly, if Plaintiff is unable to find alternative work, she can potentially recover 22.9 months of her annual wage, which would be approximately $75,417.33.

13. In regards to waiting time penalties, Plaintiff's Complaint alleges "As a result of Defendant's failure to pay all earned and unpaid wages at the time of termination of and/or resignation from employment, Plaintiff . . . [is] entitled to waiting time penalties pursuant to California Labor Coode §203, as well [as] attorneys' fees and costs." See Sachs Decl. at ¶ 7; Exhibit A at ¶ 61. California <u>Labor Code</u> section 201(a) provides in pertinent part that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due

and payable immediately." An employer that willfully violates this provision may be assessed waiting time penalties in accordance with Labor Code section 203. If the penalties are assessed, the employer will owe an amount in addition to the unpaid wages equal to the employee's daily wages for each day the wages remain unpaid, capped at thirty days' wages. Cal. Lab. Code § 203. The statute of limitations for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.* 50 Cal. 4th 1389, 1395 (2010).

14. Using Plaintiff's last hourly rate of $19.00, the potential waiting time penalties total $4,560.00 ($19.00 per hour x 8 hours/day x 30 days maximum waiting time penalties = $4,560.00)

15. In terms of payroll stub penalties, Plaintiff's complaint alleges "Plaintiff . . . allege to and have suffered actual harm as a result of Defendant's knowing and intentional violation of the California Labor Code as it pertains to the provision of time and accurate wage statements." See Sachs Decl. ¶ 8, Exhibit A at ¶ 55. Labor Code section 226(a) requires that nine categories of information be included on each pay stub, including: (1) gross wages earned; (2) total hours worked by each employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is being paid; (7) the employee's name and identification number or the last four digits of the employee's social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. If there is a violation, the damages are governed by Labor Code section 226(e), which provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys fees."

///

16. During the one year statue of limitations period, Plaintiff received 18 paystubs with alleged violations, which would result in penalties of $1,750.00 ($50 for the first violation and $100 x 27 for the remaining violations).

17. In regards to rest periods, Plaintiff's Complaint alleges "Defendant maintained a regular practice of interrupting or failing to permit and/or authorize nonexempt employees a mandated rest period, during their usual and customary (minimum of) eight-hour (8) shifts, five (5) to six (6) days per week." See Sachs Decl. ¶ 9 Exhibit A at ¶ 45. If an employer fails to provide an employee a rest period in accordance with an applicable IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided. Labor Code Section 226.7. Thus, if an employer does not provide all of the rest periods required in a workday, the employee is entitled to one additional hour of pay for that workday, not one additional hour of pay for each rest period that was not provided during that workday.

18. Assuming that Plaintiff missed rest breaks at least 3-5 days per week, and an average hourly rate of $15.00 over the entire course of her employment (approximately 79 weeks) the potential rest period premiums would be $45.00 to $75.00 per week, or $3,555.00 to $5.925.00 in total.

19. In addition to lost wages and benefits, Plaintiff alleges that she "has also suffered and will continue to suffer physical and emotional injuries, including humiliation, anguish, embarrassment and anxiety . . . . the amount of Ms. Barrios' damages will be ascertained at trial." Sachs Decl. ¶ 10, Exhibit A at ¶¶ 88, 97. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56. In fact, courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys*. (W.D. Ky. 2002) 237 F.Supp.2d 774, 776 (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.").

20. Plaintiff also requests an unspecified amount in punitive damages. Sachs Decl. ¶ 11, Exhibit A at ¶¶ 90, 99. Similar to compensatory damages, Plaintiff's claim for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945. California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.* (ND. Cal. 2002) 209 F.Supp.2d 1029, 1033 ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see also Aucina v. Amoco Oil Co.* (SD. Iowa 1994) 871 F. Supp. 332, 334 ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount"). This confirms that the amount in controversy likely exceeds the jurisdictional minimum.

**SUPPLEMENTAL JURISDICTION EXISTS**

21. The general rule for diversity actions with multiple plaintiffs is that at least one named plaintiff's claim in a class action suit must be greater than the jurisdictional amount in order to allow for supplemental jurisdiction under 28 U.S.C. § 1367. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 943-45 (9th Cir. 2001). In the Ninth Circuit, if one of the named Plaintiffs meets the jurisdictional minimum, removal of the entire class would be proper based upon supplemental jurisdiction. *See Gibson*, 261 F.3d at 943-45; 28 U.S.C. § 1367.

22. Here, given that Defendant has established that Plaintiff's amount in controversy exceeds the amount necessary to establish diversity jurisdiction, removal of the entire class is proper based on supplemental jurisdiction.

DATED: March 12, 2018                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
Derek S. Sachs
Ashley N. Arnett
Attorneys for Defendant, American Property Management, Inc.